Mr. Marshall, would you kindly call the next case on the docket? Yes, Your Honor. This case on the docket is 2-16-0207, People of the State of Illinois, Appalachian, Michael G. Tatera, Defendant Appellant. Arguing on behalf of the Defendant Appellant, Mr. James T. Levin. Arguing on behalf of the Defendant Appellant, Mr. Stephen A. Hart. Thank you. Mr. Levin, on behalf of the Appellant, you may proceed. Thank you, Your Honor. May it please the Court, again, my name is James Levin, and there are four issues that I raised in the brief. So briefly, I'll state those issues, and I'd be more than happy to entertain any questions that the Court has on any particular issues that I've raised. You might expect a few questions. Yes, Your Honor. The first issue I raised is that the State did not prove DUI beyond a reasonable doubt. And the second issue I raised is that the trial court error in allowing the jury to view part of the HG and testing on the video, and then the State eliciting evidence from the video regarding the field sobriety testing and making comments on that in the closing argument. And the third issue is the State's comment in closing argument that if he wasn't guilty, why did he not take the breathalyzer test? How is that different than arguing that the defendant didn't take the test because he knew he would fail? How is that different? And that type of argument has been approved. Well, one big reason for that is the use of the term guilty. Exactly. That's what I was just about to say. I think that's troubling as well, whether I think it or not. The court has a rule, the Supreme Court, that you can infer consciousness of guilt by evidence of the defense refusal to take tests. Well, there's a distinction to be made, and the Johnson case covered that pretty well. That's the only Supreme Court case. So the State is certainly permitted to argue consciousness of guilt if the State had argued he didn't take the test because he knew that he was intoxicated, that he was incapacitated. That would have been a legitimate argument. But the State did not argue that he could have taken the test to prove he was innocent. They didn't make that argument, correct? They didn't make that argument explicitly. That would have been an impermissible, clearly impermissible burden shift. Right. That would be clearly over the line by what we have here. And again, under the Johnson case, the Johnson case talked about implications. So we do have that implication because if the State argued if he was not guilty, why did he take the breathalyzer test, then that implies that the defendant should have taken the test to prove that he was not guilty or prove that he was innocent. So you're saying the case law says that by using the word inference of consciousness of guilt that that is automatically reversible error? No. No, I haven't made that argument because there's a line. There's a line on the one hand. The State can argue consciousness of guilt. Right. And so making an argument that there's an inference of consciousness of guilt, that would be permissible. But on the other side of the coin is the argument that the defendant, the implication that the defendant somehow should take the test to prove that he was not guilty or, in other words, prove his innocence. The State's argument went on the wrong side of the line on that argument by using the word guilty. If he wasn't guilty, why didn't he take the test? So what the State is doing is it's going over the line on that kind of argument. But don't both arguments arrive at the same conclusion. The State's not arguing that the defendant has a burden. They're saying that the reason he didn't take the test is he's guilty. That's what they argued. Well, they could have argued in a different way. They could have argued that he didn't take the test because he knew he would fail the test or he knew that he had been drinking too much or knew that he was inebriated. They didn't make that argument. They made the argument with guilty. If he was guilty, if he wasn't guilty, why didn't he take the test? I mean, that phrase guilty is the key. So in essence, you're saying in this case you're arguing the State crossed the line by using that phraseology. Is that sort of what you're saying? Yeah, and they repeated it twice. That's correct. So they went over the line on that. Only the first comment was objected to, correct? Specifically, but the trial counsel argued that the general idea, I would say that his objection to this line of argument was in the essence of a continuing objection. So if he had repeated the objection, it would have been disruptive and the judge would have overruled it anyway. Is that your point? Absolutely, because he already made the objection. So in essence, there's a continuing objection. It would have been disruptive for defense counsel to mention it every time. So your argument is it's not forfeited, that issue. The objection, with that objection being overruled, is sufficient to preserve the issue. Absolutely, it was not forfeited. With respect to sufficiency of the evidence, we know that the defendant was driving. He went through a barricaded street that was posted, not just with the barricades but also signs. He was pulled over after a short distance, had an odor of alcohol on his breath, and was disoriented in the sense that he did not know if he was in Wisconsin or Illinois because he was lost. Andy refuses to take the field sobriety test and the breathalyzer. Where is the insufficiency of the evidence argument? And like most favorable to the State, how can we say that that evidence is not sufficient? Well, I did cite a couple of cases, and those two cases were Moscow and Day. And I know that I just like to respond to what the State said about those two cases, that they were motions to suppress cases. So I want to make it clear that I wasn't citing those cases because of the standard of review. Sometimes it turns on that. There's different versions and different standards of review. Sure, and I agree that the standard of review from the issue I'm raising is deferential, whereas in those cases it was deferential to the defendant. Here it's deferential to the State. So I'm not making any argument on the standard of review. But as far as what was needed, as a matter of law, what was needed to show reasonable cause, the State needed to show that there was poor driving, stumbling, falling down, inability to communicate. And that's what it pointed out in those cases. Here, he was driving in an area he was unfamiliar with. That could happen to anybody, whether they're drinking or not. He was in Illinois and not Wisconsin. But he entered a street that was posted to not enter. That became his problem, wasn't it? I mean, if you enter a street that's closed and it's clearly posted, wouldn't it be a reasonable articulable suspicion for an officer to stop you in and of itself? No, I don't think so because there would have to be some other factors. The court would have to look. The officers are looking at the totality of the circumstances. So it would not weigh completely on any one factor. Well, so if the officer sees somebody driving into a cornfield, he couldn't stop them? That would be different. Why would that be different? Well, the officer stopped him for DUI, and I think in order to have— and what we're talking about here is whether the State proved beyond a reasonable doubt. So I'm not focusing on whether or not there was sufficient evidence for the stop. But what I am doing is analogizing these cases because, frankly, there's not a lot of case law on it. How about the defendant's statement when he says, just arrest me? Isn't that an admission? It's an admission. No, I don't think so. I think it's an act of frustration because the defendant asked the police officer to explain the directions. And I think a reasonable person, sometimes I need to have people explain things to me a few times. And I can understand how it is with this defendant being in a situation that's very stressful and he may not be paying close attention to anything regardless of whether he's drinking or not. So it's very common for someone to ask for some of the repeated instructions. I understand that completely. So I don't think there's any reason— I'm sorry. No, but we'll finish your talk. Okay. So I think when he says, just arrest me, I don't think it's an admission of guilt. I think it's an act of frustration with the officer because the officer was not explaining the instruction clearly or was not allowing the defendant an opportunity to understand through some repetition. Would you agree that it's an unusual circumstance for a person who's pulled over for a minor traffic offense to suggest to the police, just arrest me? And it's not your characterization. It's whether or not any reasonable inference of guilt can flow from that statement. Why wouldn't a reasonable juror have concluded that that statement is an admission? He knows he's not going to pass these tests. He's guilty. Just arrest me. Well, I think the focus should be on was there erratic driving. Was he driving under the influence? That's the name of the offense. We've gone through the basis for the stop. Now we're talking about his refusals to perform the tests and his conclusion to the test or the attempt to do the test is, just arrest me. Yes, I don't think the state has to prove beyond a reasonable doubt. I would like to address some of the factors why I don't think there's reasonable doubt here. And that is the driving wasn't erratic. He didn't hit any barricades. He wasn't weaving back and forth. He didn't go over the center line. He didn't go over the follow-up lane. He wasn't speeding in any way. He got out of the car unassisted. He was not observed to stumble or stagger or lose his balance. I was going to say, I'm with you on that. As I read the record and the facts, he didn't have the usual indicia of somebody intoxicated. But doesn't this come down to, and this is what I need to ask you, does the state need to prove that the defendant is completely incapacitated in order to sustain a conviction or do they have to demonstrate that the defendant was impaired by alcohol to the extent that it rendered him incapable of driving safely? I mean, what's the standard? Well, the alcohol has to render him incapable of driving safely. And I don't think there's indicia here. Even the state's evidence viewed him like most favorable to it, because as I said and as Your Honor just pointed out some of those facts, that doesn't show that there are objective facts here to show that he was impaired. Well, if somebody sees a sign, though, it says you're not supposed to drive past this sign, the road is closed, and somebody ignores that, isn't that at all a safety issue? Do you intentionally disobey a sign saying don't go down this road? Well, Doesn't that enter into the mix at all? Well, that's a question of whether there was reasonable cause to stop, but here we have an issue of whether or not there's No, it also bears an intoxication. Are you saying the fact that somebody ignores a sign that tells them proceed no further past the barricade has nothing to do with the issue of whether or not they might be intoxicated? I'm not saying nothing to do with it, but what I'm saying is I'm looking at the standard of whether the state proves it beyond a reasonable doubt. And that's a factor to consider with all the other ones that he was alluding to. But I think the factors to emphasize here is the manner of driving. He wasn't weaving back and forth, no speeding. He doesn't stumble out of the car. He doesn't have to hold on to anything. He's communicating lucidly. And also I'd like to point out, too, I do think there's strong grounds to reverse based on reasonable doubt, but I did make an alternative argument that if the court finds error on Issue 3 with regard to the state's closing commentary, the evidence is closely balanced. So it would be, and the state has the burden under Thoreau, to show that the error was harmless beyond a reasonable doubt. Because the issue was raised in closing, it wouldn't be the plain error. It would be the harmless error standard. So as Your Honor pointed out, at the very least, I think we could, I would hope we would agree the evidence is closely balanced. And if it is, there's reversible error under Issue 3. But I still adhere to my position there's reversible error under Issue 1 as well because the state did not prove the guilt beyond a reasonable doubt. What about the video? The video, well, for one, I'm going to skip over a little bit on that and say that there's also, it's not harmless error either because the jury asked to see the video. So obviously it contributed to the verdict. And so that's the standard. Does the error contribute to the verdict? I think that very clearly shows that it did. Why doesn't People v. Kane control our outcome here? I think it actually does control the outcome. But I believe that there was an exception written into Kane, and I think the exception applies. And that is, and I use the phraseology of the state. The state says in its brief, it is improper for the state to characterize the otherwise relevant and immaterial observations as part of the administration of an HGN test or other field sobriety tests. Well, that's exactly what they did. So it fits within the exception of Kane because what the state did is during Officer Creason's testimony on direct examination and in the closing argument, they said that the video was reflecting the field sobriety testing and showed that, so they made a comment on it. And I would refer to page 466 of the record on that. That's where the state made the closing argument where they incorporated the HGN testing and the field sobriety testing. But they never used the term HGN, and there was no evidence regarding the HGN, correct? They didn't use the term HGN. They said that they offered it to show that the defendant was not following instructions, correct? That was one purpose. But the other purpose, which I'm objecting to, is they used it as part of the administration. They made observations as part of the administration of a field sobriety test. Perhaps they didn't use the term HGN, but they did use the term field sobriety test. Well, it was true that that occurred during the attempt to administer field sobriety. How much did they explain it to the jury? It was obvious there was some kind of a test the officer was performing as part of the protocol. You're saying that, in mere fact, they said it was part of his testing procedure? That makes it error? No, what the state could have done is just said the defendant wasn't following instructions, and that should be used as evidence. So the answer to the argument is that they made a closing argument that was inconsistent with the ruling of the trial court allowing it in for the specific purpose, and they should have stuck to that purpose. That was one error. The other error was that in Creason's direct testimony, it was brought out. So just to conclude on that, what I'm saying is that if the state had just limited their evidence and argument to showing that the defendant supposedly didn't follow instructions, fine, but they went over the line on that as well because they used it to show evidence that he was not performing well on a field sobriety test. And so that's where the error comes in. And as it pointed out in King, it says part of the administration of HGM test or, and this is what I'm relying on, other field sobriety tests. So even though they didn't mention HGM test, they did mention field sobriety test. So that's, I think, where the error lies. And I think it's reversible because the jury asked for the video. Plus, it's at least closely balanced evidence, if not insufficient evidence. And I'm not sure if my time has elapsed, but it has. Okay. Thank you so much, Your Honor. Thank you, Mr. Levin. If there's an opportunity to address the Court again, I will. Okay. All right. Mr. Rogers, on behalf of the people. Thank you. Good morning, Your Honors. Counsel, may it please the Court. My name is Steven Rogers, and I represent the people of the state of Illinois. Your Honors, I'll start briefly real quick with where Your Honors left off with counsel on the HGM video. And I don't think it's ever been articulated what exactly would be prejudicial about showing this 21-second clip as it relates to the HGM test being conducted. Because the term HGM was never used. The purpose of the test was never explained. What the officer would be looking for during that test was never explained. Was there any reference to, he was saying, field sobriety test? Well, Your Honor, essentially once the defendant left the car, that's all that was occurring was field sobriety testing. So I think they set it up in general that the officer was trained in field sobriety testing because he did explain the one-leg stand test, which was refused. But as it relates to the HGM, the state never got into what the HGM test was looking for. Nor increased it. He never got into it either, did he? Did he mention the HGM test? Never mentioned HGM. And I think in King, the incidental observation was actually the turning of the head, which I think a jury could think that's part of a failure during that test. But putting your hands in your pockets repeatedly is completely divorced from what an HGM test is looking for. And briefly on the harmless error portion of that, defense counsel pointed to the jury's request of the video. But defense counsel, in closing, the records page 444 to 445, this is defense counsel. It says watch that. You can watch the video again if you so choose. I would ask you, again, watch the video. Record 447, remember what the video shows. The video is not the 21-second clip. It's a four- to five-minute video of the entire interaction, some of which defense counsel wanted to rely on. So I don't think the fact that the jury requested to see the video shows that they were specifically convinced by this 21-second clip. You're saying the defense attorney urged them to review the video? Yes, Your Honor. I mean, there was the objection to the 21-second clip. But as it relates to relying on the jury's request to see the video, that was just as likely in response to defense counsel's urge. On the burden-shifting argument, Your Honors, this is a unique area where the legislature has said evidence of refusal is admissible in a criminal proceeding. And the whole reason it's admissible is to prove consciousness of guilt. It's a factor to be considered. I don't think by saying the word guilty that crosses the line. The line in Johnson is indicating to the jury that the defendant could prove or establish that he was innocent. And that clearly crosses the line. Isn't it really just semantics? Your Honor, the Johnson court's focus on the words prove, I don't think that's semantics. Because when you start saying the defendant failed to prove something, to me that's burden-shifting. Well, that's way over here. They've got to do this. And I mean the language, because it, you know, you read it in Johnson, the prosecutor's quoting the police officer. I'm going to give you one more chance to prove that you're not guilty. I mean, that's something that could really sink in. Yeah, he had the chance to do that. Let me ask you something that comes back to mind. Does the trial court typically give an instruction on flight? Is that in the IPI? I believe in the IPI they're directed not to instruct on flight. So what instruction would you give on the issue? I mean, how do you avoid this problem? Is there some instruction that the trial court could give? Your Honor, the trial court on pages 460, 461 gave the typical. The defendant is presumed innocent. The state has the burden of proof. That's probably as good as you can do. Well, the state could have done better by simply arguing that why didn't the defendant take the test and left it there? Or they could have said he didn't take the test because he knew he couldn't pass them. Yes, Your Honor. Instead of using the term guilty. And that creates a problem. Would you agree? Yes, Your Honor. Well, I think it could. You know, so you have Graves here, Johnson here. I think the only thing the state could have done to move into what happened in Graves is to qualify it by thought or knew or believed. But I don't think by leaving those words out, especially in the nature of the way the state did here, because the state bookends the statements by, that's called consciousness of guilt. If he wasn't guilty, why didn't he take the test? Then there's the objection. And then the state comes back. That's called consciousness of guilt. I'm not trying to shift any burden. I accept our burden. Our proof is beyond a reasonable doubt. That's a burden we willfully accept. And then again, that's consciousness of guilt. I think it was clear we're talking about what's in the defendant's mind. So in the context of the entire argument plus the instructions, there's no error here? Yes, Your Honor. Is consciousness of guilt, just using those terms over and over, just a whitewash? I can say he could have proved, right, I'll take that back. If he wasn't guilty, could have taken the test. And then you say consciousness of guilt. That makes it okay? Well, Your Honor, I don't think it would whitewash the statements in Johnson. But I think here. No. Those are the statements here. I mean, you refer to, well, they said it's consciousness of guilt. Well, they said. But don't we also look at what else the state said here? And when you start using terms like guilty, that's over the line. And it doesn't take it away when you simply say, yeah, but it's just consciousness of guilt. Your Honor, I agree that if you make an erroneous statement, you can't clear it up by saying that you're arguing consciousness of guilt. However, I don't think using the word guilty is an error because you can argue consciousness of guilt. You can say the defendant refused the test because he knew he was under the influence. That was the only disputed issue in this case was whether the defendant was operating under the influence. Right. But the state didn't say he didn't take the test because he thought he was under the influence. They used the term guilty. And essentially that's because the defendant knew he was guilty. I think that's the implication from the statement. And then the very last thing the state says on this issue is he didn't take that test because he was impaired. And that's what the court said in Garriott, the fourth district. The whole point of using the refusal is because a defendant's refusal implies he believes he is intoxicated, something he is clearly in a prying position to appraise. The defendant knows whether he's consumed alcohol. He understands if he's intoxicated, but not that he's guilty. And I guess we keep beating a dead horse here, but it's one thing for him to say he could have taken the test. He didn't take it because he felt he was intoxicated as opposed to saying he's guilty. The inference is if he took the test, he could have proven himself not guilty. And that's my dilemma with this. Yes, Your Honor. I understand. I guess that's one implication. Clearly the way the prosecutor was trying to argue it is he knows he's under the influence. Well, I'm not saying the prosecutor is malicious. I didn't mean to infer that. If my question said I certainly take that back. It's the use of the term guilty. Yes, Your Honor. And I think the fact that you can argue consciousness of guilt means that just using the word guilty alone is not going to become error. As long as you don't shift the burden and say the defendant could have proven his innocence. Exactly, Your Honor. And I think that's the dividing line of the cases so far. There really isn't a whole lot out there on the exact wording that it's associated with. So then if we were to accede to the defense argument, we would have to hold that saying this is evidence of consciousness of guilt is the functional equivalent of shifting the burden. Oh, exactly, Your Honor. And do we do that? I remember it was common for prosecutors back in the day. Go through a whole litany of evidence and they said this, which I think I was surprised and I think it was upheld by the Supreme Court. All of this mountain of evidence against that man stands uncontradicted in this case. Doesn't that sound like burden shifting? Stands uncontradicted. And yet that's been upheld as not committing reversible error. And the courts even say that's even when the defendant is the only person that could do the contradicting. Right. Exactly, Your Honor. I think the clearest way to divide the line is when a prosecutor says the defendant didn't prove or establish. That's burden shifting. When the prosecutor says the defendant did not take the test because he was impaired, guilty, under the influence. In this case, those really are all the same thing. It's the only contested issue was whether he was under the influence.  And so when you use the word guilty, that means under the influence and it means impaired. And so as long as you're not saying he failed to prove or establish the contrary, then that's within the realm of arguing consciousness of guilt. Does Your Honor have any other questions? No. I respectfully request that this court affirm the defendant's conviction in this sentence. All right. Thank you. Mr. Levin, you may address the Court of Rebuttal. Well, what does a rational juror think when they hear the word guilty? Guilty means that the elements of the offense are proven and he's found guilty instead of being found not guilty. It's a legal term. Well, the phrase guilty is used throughout instructions. The phrase is used by both defense counsel and prosecutors in argument all the time. It's just the use of the term in this context that's objectionable. That's your argument, correct? In this context, yes, because the state said he should take it breath-wise. We asked a rhetorical question. Why? Why did he take it? The implication is there that if he takes it, he should take the breathalyzer test if he's not guilty. He should take the breathalyzer test if he's innocent. Not guilty is synonymous with, I mean, is closely related to the concept of innocence. So the state is planting an idea in the juror's minds that he should have taken the test if he wasn't really guilty. And, again, there are clear lines that the court can draw here. The court could say that the plaintiff believes the state can make the argument. They could say he didn't take the test. That shows that he knows he had, that he was drinking. He knows that he was intoxicated. He was inebriated. He was incapacitated. They didn't make those kinds of arguments here. And Johnson. They say that he's inebriated and that shows he's impaired and intoxicated. Aren't they saying he's guilty? It's different. Guilty is a different term. Guilty means that it's a legal term, what it takes to get a conviction against somebody. So it's much different. It's different than consciousness of guilt. I think it would be, but is it in and of itself reversible error? I'm sorry? Is it in and of itself reversible error? Well, there's two parts of the analysis. One part is error, and the other part is reversible error. And in my brief, I showed that because the objection was raised, that would be a throw-type issue. The state has to prove that it was harmless beyond a reasonable doubt. The burden isn't on the defendant. The burden is on the state. And it wasn't harmless beyond a reasonable doubt because with the evidence being closely balanced here as it is, or even insufficient, or even if there's insufficient evidence, that could be the tipping point in the case when a jury could rationally determine that the defendant is guilty because he could have taken the test, he didn't take the test, and that shows that he's guilty, that the jury can make that determination. The state hasn't met their burden of proof, of proof beyond a reasonable doubt. That's what they've got to prove, and they haven't done it here. We didn't address, or you didn't address, probably because of our questions, your double enhancement argument during your opening argument. Do you want to address that briefly? Yes, I would. So I argued that the issue wasn't forfeited because the judge made some incorrect admonishments. Would you agree it's only substantial compliance, not strict compliance with 605? Well, whether it's strict or substantial, I think there's, even if it's substantial compliance, I don't think the judge substantially complied. Is it your position she did not cover all the points covered by 605? I thought the instructions, the admonitions were quite misleading, and I'll just highlight one because I know I'm running out of time. But the judge said that the defendant has the right to appeal with sentence, but it would have to file a notice of appeal within 30 days. If the defendant files that instruction, they don't have any sentencing issues to raise on appeal because they'd all be forfeited due to the lack of a motionally considered sentence. Now, even if we did find that the error was not forfeited, how can you say the trial court applied double enhancement when the defendant had four more convictions for DUI than the necessary five, four, and X? Because when the judge is noting factors in aggravation, the judge did not analyze their length. It was just a one sentence, basically. It was a long, not long, but a fairly long exchange between your client and the judge, correct? Well, the defense counsel made arguments on the sentencing, but when it came for the judge to make findings, the judge relied on one single finding, the prior offenses. And the case law on this is that it would be permissible for the judge, and it wouldn't be a double enhancement had the judge gone into the nature and circumstances detailing the facts of those prior offenses, but here she relied only on the fact of the prior convictions. And that was the only thing she relied on. That's what makes it a double enhancement. And just briefly on the HGM test, I'm sorry about an HG issue, but yes, it wasn't mentioned about the HGM, but it was mentioned about the field sobriety test. So that's the point I want to emphasize. Thank you very much, Your Honor. Thanks. All right. Thank you, Mr. Levin. We thank both counsel for the quality of their arguments here this morning. The matter will, of course, be taken under advisement, and a written decision will enter in due course, and we will stand in recess to prepare for the next case. Thank you.